**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **PHH MORTGAGE CORPORATION,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 5:19-cv-564 |
| § | |
| **DAVID C. GOAD,** § | |
| § | |
| **Defendant.** § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**COMES NOW**, Plaintiff PHH Mortgage Corporation ("PHH" or "Plaintiff") and hereby files this its *Original Complaint* against Defendant David C. Goad ("Goad" or "Defendant"), and respectfully shows the Court as follows:

**I.    PARTIES, JURISDICTION, AND VENUE**

1.    PHH is a corporation with its principal place of business in New Jersey. Therefore, Plaintiff PHH is a citizen of New Jersey for diversity purposes.

2.    Defendant David C. Goad is an obligor under the loan agreement and may be served with process at 1154 Rivertree Drive, New Braunfels, Texas 78130, or wherever he may be found. Summons is requested.

3.    This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because the amount in controversy exceeds $75,000.00. In this suit, Plaintiff seeks to foreclose on its lien interest on the Property. The current payoff of the underlying note is in excess of $75,000.00. Accordingly, the amount in controversy requirement has been met.

4.       Venue is proper in this district and division, the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

## II.     SUMMARY OF FACTS

5.       On or about February 28, 2007, Defendant David C. Goad executed that certain a *Texas Home Equity Fixed/Adjustable Rate Note* in the original principal amount of $75,000.00 payable to New Century Mortgage Corporation (the "Note"). (Exhibit A). The Note is currently indorsed in blank. (*Id.*) Concurrently with the Note, Defendant executed a *Texas Home Equity Security Instrument (First Lien)* ("Security Instrument" and, together with the Note, "Loan Agreement") granting a security interest in the property commonly known as 1154 Rivertree Drive, New Braunfels, Texas 78130 and legally described as,

> LOT 39, BLOCK 3, RIVERTREE SUBDIVISION, UNIT 1, SITUATED IN THE CITY OF NEW BRAUNFELS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 8, PAGE 267, MAP AND PLAT RECORDS, COMAL COUNTY, TEXAS. (the "Property") (Exhibit B).

The Security Instrument was recorded in the Real Property Records for Comal County, Texas on March 8, 2007 under Document Number 200706010455. (*See id.*).

6.       On May 31, 2018, Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for New Century Mortgage Corporation executed the *Corporate Assignment of Deed of Trust* ("Assignment"), which transferred the loan to Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-BR4, Mortgage Pass-Through Certificates, Series 2007-BR4 ("Deutsche Bank") c/o Ocwen Loan Servicing, LLC ("Ocwen"). The Assignment was recorded in the Real Property Records for Comal County, Texas on June 11, 2018 under Document Number 201806022958. (Exhibit C).

7.       PHH Mortgage Corporation, successor to Ocwen, is the servicer for Deutsche

Bank, and the legal owner and holder of the Note pursuant to Texas Property Code § 51.0001. (Exhibit C.)

8. Under the terms of the Loan Agreement, Defendant is required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable late charges due under the note. (Exhibits A & B.)

9. The Loan Agreement further provides that, should Defendant fail to make payments on the Note as they become due and payable or fail to comply with any or all of the covenants and conditions of the Security Instrument, then the lender may enforce the security agreement by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement. (Exhibits A & B.)

10. Notice of Default was sent to Defendant via certified mail on March 12, 2015. (Exhibit D). When the default was not cured, Notice of Acceleration was sent on April 14, 2015. (Exhibit E).

11. On August 22, 2018, Ocwen, as servicer for Deutsche Bank, filed its *Application for an Expedited Order Under Rule 736 on a Home Equity Loan* in the 274th District Court of Comal County, Texas under Cause No. C2018-1485C (the "736 Action"). (Exhibit F). The Court entered the *Home Equity Foreclosure Order*, allowing Ocwen to foreclose on the Property. (Exhibit G). Ocwen, through its counsel, sent Defendant a copy of the Notice of Foreclosure sale and posted said Notice pursuant to Texas Law. (Exhibit H). The Sale was scheduled for April 2, 2019. (*Id.*) In retaliation to the foreclosure sale, Defendant filed a lawsuit in this Court on April 1, 2019. *See Goad v. Steel, et al.*, Civ. Action No. 5:19-cv-00329-FB. The case was dismissed on May 24, 2019. *See id.* During the pendency of the previous suit, Plaintiff was unable to proceed with foreclosure of the Property.

12. Plaintiff now files this action seeking foreclosure of the Property.

### III. CAUSE OF ACTION—DECLARATORY JUDGMENT

13. The foregoing paragraphs are incorporated by reference for all purposes.

14. PHH requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. PHH requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, PHH is a mortgagee as that term is defined under Texas Property Code section 51.0001(4).

15. PHH has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of the Defendant's failure to comply with the Loan Agreement. PHH is therefore entitled to and seeks judgment against Defendant for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by David C. Goad, and by statute. TEX. CIV. PRAC. & REM. CODE § 37.009.

### IV. BREACH OF CONTRACT

16. The foregoing paragraphs are incorporated by reference for all purposes.

17. Plaintiff PHH asserts a cause of action for breach of contract against Defendant. PHH, as the current legal holder and beneficiary of the Loan Agreement, has the right to enforce Defendant's valid, enforceable contract on the Property in this litigation. PHH has performed its obligations fully under the Loan Agreement; but Defendant breached the contract by failing to substantially perform material obligations required under the contract (principally, payment of amounts due under the terms of the agreement).

18. Defendant's breach is the proximate cause of injury and damages to PHH.

19. PHH has been forced to hire the undersigned attorneys to seek damages for Defendant's breach of contract. PHH is therefore entitled to and seeks reasonable attorneys' fees

in this action, both through trial and in the event of a subsequent appeal, as a debt of the Loan Agreement and not as a claim for money damages, as provided by the Note Defendant signed.

20. All conditions precedent have been performed or have occurred.

### V.   FORECLOSURE

21. The foregoing paragraphs are incorporated by reference for all purposes.

22. PHH requests an order of foreclosure of the Property.

23. PHH is the current holder and beneficiary of the Loan Agreement with authority to enforce it. According to the terms of the Note, which commenced on or about February 28, 2007, Defendant was obligated to make monthly payments on the Note. Defendant breached his obligations to tender full and timely payment. Pursuant to the Note, PHH's predecessor, Ocwen, accelerated the amount of the debt owed. Despite written demand, Defendant failed to tender payment for the amount due under the Note.

24. The Security Instrument permits PHH to foreclose on the Property should there be an event of default on the Note.  Accordingly, PHH seeks judgment in its favor and an order allowing foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002, or alternatively, a judgment for judicial foreclosure.

25. PHH has been forced to hire the undersigned attorneys to pursue this claim; PHH is therefore entitled to and seeks judgment against Defendant for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Loan Agreement and by statute. TEX. CIV. PRAC. & REM. ANN. § 38.001(8).  Plaintiff seeks an award of attorney's fees as a further obligation on the Note and not as a money judgment against Defendant personally.

26. All conditions precedent to PHH's right to enforce the Loan Agreement and to

obtain the relief requested herein have been performed or have occurred.

## VI. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, PHH prays that the Court enter a judgment declaring that (1) Defendant is in default on his obligations on the Loan Agreement and that (2) PHH is the owner and holder of the Note, beneficiary of the Security Instrument and mortgagee, as defined under Texas Property Code section 51.0001; and (3) PHH is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property pursuant to Texas Property Code section 51.002, the Note and Security Instrument, or alternatively, judicial foreclosure, and awarding attorney's fees, costs and such other and further relief to which it may be justly entitled at law or in equity.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**JONATHAN C. SMITH**
Texas Bar No. 24103940
jsmith@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**

Attached Exhibits:
A. Note
B. Security Instrument
C. Assignment
D. Notice of Default
E. Notice of Acceleration
F. *Application for an Expedited Order Under Rule 736 on a Home Equity Loan*
G. *Home Equity Foreclosure Order*
H. Notice of Sale